UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

PHILLIP LITTLER,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          No. 2:18-cv-00188-WTL-DLP
                                          )
JUSTIN SHROYER,                           )
NATHAN LYDAY,                             )
CALEB SAPPINGTON,                         )
TRENT TINKLE,                             )
ZACHARY LYDAY,                            )
CHANDLER WILLARD,                         )
JAMES PHILLIPS,                           )
PATRICK ARNOLD,                           )
RICHARD BROWN,                            )
AMANDA PIRTLE Captain,                    )
RICHARD YARBER Lieutenant,                )
CORIZON HEALTH SERVICES,                  )
                                          )
                    Defendants.           )

**Entry Granting Motion to Proceed *In Forma Pauperis*, Discussing Amended Complaint,
Dismissing Insufficient Claims, Severing Claim Against Corizon Health Services,
And Directing Service of Process**

**I. Motion to Proceed *In Forma Pauperis***

The plaintiff's renewed motion to proceed *in forma pauperis*, Dkt. No. 9, is **granted.** The
assessment of an initial partial filing fee is waived at this time because the plaintiff does not have
the assets or the means to pay it. 28 U.S.C. § 1915(a)(4).

**II. Screening of the Amended Complaint**

Plaintiff Phillip Littler is incarcerated at the Wabash Valley Correctional Facility
("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this
Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before

service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The amended complaint filed on April 26, 2018, alleges that the following individuals participated in a cell extraction that occurred on May 24, 2016, because Mr. Littler refused to leave his cell so that it could be searched: 1) Officer Justin Shroyer; 2) Officer Nathan Lyday; 3) Officer Caleb Sappington; 4) Officer Trent Tinkle; 5) Officer Zachary Lyday; 6) Officer Chandler Willard; 7) Officer James Phillips; 8) Officer Patrick Arnold; 9) Captain Amanda Pirtle; and 10) Lt. Richard Yarber. Mr. Littler alleges that the first eight of these officers applied excessive force when they extracted him from his cell, causing a broken right ankle. He alleges that Captain Pirtle and Lt. Yarber supervised the extraction. He also alleges that he never received medical treatment for his ankle, but it healed on its own. He alleges violations of his Eighth Amendment rights, a conspiracy claim, and state law claims of medical malpractice, battery, and a violation of § 23 of the Indiana Constitution. He seeks compensatory and punitive damages and an injunction prohibiting the defendants from continuing this behavior.

Mr. Littler also alleges that he sent grievances to "proper authorities," including Major Dusty Russell, Assistant Superintendent, Frank Littlejohn, Superintendent Richard Brown, and Commissioner of the Indiana Department of Correction Bruce Lemmon, reporting past occasions of similar treatment. He alleges none of them responded. To the extent he seeks to include these individuals as defendants, he has failed to state a viable claim against them. Simply writing a letter to various supervisory staff after an incident occurs does not pull those individuals within the zone of liability. None of these individuals are alleged to have participated in any excessive force or other constitutional violation. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Therefore, any claims against these individuals are **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Littler's 42 U.S.C. § 1985 conspiracy claim asserted against the defendant officers is superfluous because it does not add any substance to his other more applicable constitutional claims and because all of the officers are state actors. The function of 42 U.S.C. § 1985(3) is to permit recovery from a private actor who has conspired with state actors. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) ("All defendants are state actors, so a § 1985(3) claim does not add anything except needless complexity."). The § 1985 conspiracy claim is **dismissed for failure to state a claim upon which relief can be granted.**

Any claim based on the alleged violation of Article 1, section 23 equal privileges and immunities section of the Indiana Constitution is **dismissed for failure to state a claim upon which relief can be granted** because there is no private cause of action for damages under the Indiana Constitution under the circumstances alleged by Mr. Littler. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *City of Indianapolis v. Cox*, 20 N.E.3d 201, 212 (Ind. Ct. App.

2014) (rejecting claim under Article 1, section 23 because "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution") (internal quotation omitted); *Hoagland v. Franklin Twp. Community School Corp.*, 10 N.E.3d 1034, 1040 (Ind. Ct. App. 2014) ("[T]here is no right of action for monetary damages under the Indiana Constitution"), *aff'd in relevant part,* 27 N.E.2d 737 (Ind. 2015); *Smith v. Ciesielski*, 975 F.Supp.2d 930, 947 (S.D. Ind. 2013) (Article I, Section 23's "equal privileges and immunities" provision does not provide a cause of action for the vindication of those rights).

The excessive force Eighth Amendment claims **shall proceed** against 1) Officer Justin Shroyer; 2) Officer Nathan Lyday; 3) Officer Caleb Sappington; 4) Officer Trent Tinkle; 5) Officer Zachary Lyday; 6) Officer Chandler Willard; 7) Officer James Phillips; and 8) Officer Patrick Arnold. The claims against Captain Amanda Pirtle and Lt. Richard Yarber, liberally construed as failure to intervene claims, **shall also proceed**.

The state law claim of battery **shall proceed** against the officers who allegedly participated in the cell extraction: Officer Justin Shroyer; Officer Nathan Lyday; Officer Caleb Sappington; Officer Trent Tinkle; Officer Zachary Lyday; Officer Chandler Willard; Officer James Phillips; and Officer Patrick Arnold.

### III. Severed Claim

To the extent Mr. Littler alleges that he was denied treatment for his ankle, he has not identified any individual who personally participated in this alleged misconduct. He alleges that he will attempt to conduct discovery to learn the identity of potential defendants. He is reminded of the two year statute of limitations and the fact that he did not file this case until very close to the end of the period in which it could be considered timely. Any alleged claims of deliberate indifference to a serious medical need and medical malpractice are **dismissed for failure to state**

**a claim upon which relief can be granted.** Such medical claims are also misjoined in this action and so would not proceed in this action, even if a viable claim had been alleged.

Mr. Littler further alleges that Corizon Health Services ("Corizon") has a long history of neglecting the medical needs of prisoners, including himself. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 20 allows joinder of multiple defendants only when the allegations against them involve the same transaction or occurrence and common questions of fact and law. Any policy or custom claim against Corizon would involve different questions of fact than the claims alleged against the cell extraction officers.

In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing them to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). That remedy will be applied to the amended complaint.

Consistent with the foregoing, the claim brought against Corizon Health Services is **severed from the first amended complaint.** To effectuate this ruling, a new civil action from the Terre Haute Division shall be opened, consistent with the following:

a.   Phillip Littler shall be the plaintiff in the newly opened action.

b.   Corizon Health Services shall be the defendant.

c.   The Nature of Suit for the newly opened action shall be 555.

d.   The Cause of Action for the newly opened action shall be 42:1983pr.

e.   The amended complaint in this action, Dkt. No. 8, shall be filed and re-docketed as the complaint in the newly opened action.

f.     A copy of this Entry shall be docketed in the newly opened action.

g.     This action and the newly-opened action shall be shown as linked actions.

### IV.  Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants 1) Officer Justin Shroyer; 2) Officer Nathan Lyday; 3) Officer Caleb Sappington; 4) Officer Trent Tinkle; 5) Officer Zachary Lyday; 6) Officer Chandler Willard; 7) Officer James Phillips; 8) Officer Patrick Arnold; 9) Captain Amanda Pirtle; and 10) Lt. Richard Yarber, in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on April 26, 2018, (docket 8), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk shall terminate as parties** in this action defendants Richard Brown and Corizon Health Services.

**IT IS SO ORDERED.**

Date: 5/14/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

PHILLIP LITTLER
121098
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to:

Officer Justin Shroyer; Officer Nathan Lyday; Officer Caleb Sappington; Officer Trent Tinkle; Officer Zachary Lyday; Officer Chandler Willard; Officer James Phillips; Officer Patrick Arnold; Captain Amanda Pirtle; and Lt. Richard Yarber
        (All at Wabash Valley Correctional Facility)